1688

UNICO DEVELOPMENT SERVICES, INC., Appellant v. OCONEE
GERIATRIC, INC., Respondent.

(409 S.E. (2d) 425)

Court of Appeals

*Joseph M. Jenkins, Jr.* of *Horton, Drawdy, Ward & Johnson,* Greenville, *for appellant.*

*H. Grady Kirven* of *Watkins, Vandiver, Kirven, Gable & Gray,* Anderson, *for respondent.*

Heard June 5, 1991.

Decided Aug. 12, 1991.

GARDNER, Judge:

UNICO Development Services, Inc. (UNICO) sued Oconee Geriatric, Inc. (Geriatric) alleging, in effect, that (1) Geriatric employed UNICO for consulting services in the sale of a nursing home belonging to Geriatric for which services Geriatric agreed to pay a fee equal to the excess of any sale above $3,828,000 (this amounts to $29,000 per bed), and (2) Geriatric ultimately received $3,900,000 and refused to pay the fee as alleged. Geriatric's answer admitted the terms of the agreement but alleged, *inter alia*, that (1) the agreement was modified by a subsequent agreement between the parties to this action and the buyer of the nursing home, Pinnacle Care Corporation (Pinnacle) to the effect that Pinnacle would pay $58,500 of the fee and (2) "[i]f Plaintiff contends that it had a separate agreement with both the buyer and seller in said transaction, then its agreement with Defendant as to Plaintiff's fee became null and void as a matter of law, inasmuch as Defendant did not consent to any such arrangement and Plaintiff cannot serve as the agent for both buyer and seller in the same transaction." The appealed order found in favor of Geriatric because (1) UNICO agreed to accept a fee from Pinnacle, and (2) this violated a fiduciary duty owed by UNICO to Geriatric. We reverse and remand.

## ISSUE

The sole issue of merit in this case is whether UNICO owed a fiduciary duty to Geriatric which was violated by UNICO's acceptance of a $1\frac{1}{2}$ percent finder's fee paid by Pinnacle.

## FACTS

The record contains only the depositions of Ricky M. Merit of UNICO, Leslie D. Parks of Geriatric and Paul Boklage of Pinnacle and certain written instruments.

The facts in a light most favorable to Geriatric are not in dispute as to the essential elements of this decision.

Geriatric admits the terms of the agreement with UNICO but contends that there was an agreement between Geriatric

and Pinnacle that the amount Pinnacle had agreed to pay UNICO would be deducted from the fee Geriatric had agreed to pay UNICO. Boklage of Pinnacle denies any agreement with Geriatric concerning UNICO's fee and in plain language disavowed any interest in the agreement between UNICO and Geriatric, stating that their fee arrangement was their business and not Pinnacle's.

Geriatric does not contend that UNICO was privy to any agreement between Geriatric and Pinnacle to the effect that the 1½ percent finder's fee paid by Pinnacle to UNICO would be applied against the fee owed UNICO by Geriatric. The appealed order does not address this issue. Geriatric made no motion under Rule 52(b) SCRCP and did not raise the issue by additional sustaining grounds.

Merit confirmed Boklage's testimony about the fee arrangements with Geriatric and said that at the outset he told Pinnacle about UNICO's fee arrangement with Geriatric and Pinnacle disavowed any interest in the agreement between UNICO and Geriatric.

After Merit of UNICO introduced Parks of Geriatric to Boklage of Pinnacle, Pinnacle asked UNICO to withdraw from all negotiations pertaining to the purchase of the Geriatric Nursing Home. UNICO agreed and did not participate in the discussions and negotiations relating to the purchase by Pinnacle of the Geriatric Nursing Home.

The appealed order made the following findings of fact: (1) UNICO hired an accountant to prepare a financial data package for prospective purchasers; (2) UNICO mailed this package to Pinnacle stating that the property was for sale for $30,000 a bed; (3) after the initial introduction of Pinnacle's agent to Parks, UNICO agreed that the parties could negotiate with each other; and (4) there is no evidence of record that UNICO performed any services after introducing the parties. On appeal, these findings of fact were not excepted to by Geriatric.

## CONCLUSION

For the above reasons, we hold that UNICO did not violate a fiduciary duty owed Geriatric. Accordingly, the appealed order is reversed and the case is remanded with instructions to enter judgment for UNICO in accordance with this decision.

Reversed and remanded.

BELL, J., and LITTLEJOHN, Acting Judge, concur.